1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   JEAN-CLAUDE ANDRÉ (Cal. Bar No. 213538)
4  Assistant United States Attorney
       1200 United States Courthouse
5      312 North Spring Street
       Los Angeles, California  90012
6      Telephone:  (213) 894-0705
       Facsimile:  (213) 894-0141
7      E-mail:     jean-claude.andre@usdoj.gov

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

9

10              UNITED STATES DISTRICT COURT

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13 UNITED STATES OF AMERICA,   ) CR No. 07-947-PA
                               )
14          Plaintiff,         ) **GOVERNMENT'S SENTENCING POSITION**
                               ) **FOR DEFENDANT RAMONA CUSHENBERRY;**
15          v.                 ) **DECLARATION OF JEAN-CLAUDE ANDRÉ;**
                               ) **EXHIBITS**
16 RAMONA CUSHENBERRY,         )
        aka "Ramona Stephens," ) SENTENCING DATE:  June 2, 2008
17                             )
            Defendant.         ) SENTENCING TIME:  8:30 a.m.
                               )

18

19      Plaintiff United States of America, by and through its

20 counsel of record, Assistant United States Attorney Jean-Claude

21 André, hereby files its sentencing position regarding defendant

22 Ramona Cushenberry.  The government's sentencing position is

23 based upon the attached memorandum of points and authorities, the

24 attached declaration of Jean-Claude André and accompanying

25 exhibits, the files and records in this case, the United States

26 Probation Office's Presentence Investigation Report, and any

27 other evidence or argument that the court may wish to consider at

28 the time of sentencing.

1     The government reserves the right to file a response to any

2  sentencing position filed or submitted by defendant and to file

3  any supplemental sentencing position(s) that may be necessary.

4

5  DATED: May 6, 2008                    Respectfully submitted,

6                                        THOMAS P. O'BRIEN
                                         United States Attorney
7
                                         CHRISTINE C. EWELL
8                                        Assistant United States Attorney
                                         Chief, Criminal Division
9

10                                       _____/s/_____
                                         JEAN-CLAUDE ANDRÉ
11                                       Assistant United States Attorney

12                                       Attorneys for Plaintiff
                                         United States of America
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

MEMORANDUM OF POINTS AND AUTHORITIES

I.

INTRODUCTION

On September 14, 2007, a grand jury returned an indictment charging defendant Ramona Cushenberry ("defendant") with four counts of making false statements, in violation of 18 U.S.C. § 1001.  On February 11, 2008, defendant pled guilty to count one of the indictment pursuant to a written plea agreement with the government.

On March 24, 2008, the United States Probation Office ("USPO") disclosed the Presentence Investigation Report ("PSR") for defendant.  The USPO calculated defendant's total offense level as 10 and criminal history category as I for an advisory Sentencing Guidelines range of 6 to 12 months imprisonment.  PSR ¶¶ 27, 32, 74.  The USPO observed, however, that because defendant's advisory sentencing range falls within Zone B of the Sentencing Table, sentencing options other than imprisonment are available under U.S.S.G. § 5B1.1(a)(1).  Id. ¶ 73.  Among those options is "a probationary sentence that includes . . . home detention as a condition."  Id.  The government does not object to the facts set forth in the PSR, contest the accuracy of the USPO's Sentencing Guidelines calculations, or dispute the accuracy of the USPO's interpretations of the Guidelines.

As set forth more fully below, the government respectfully requests (a) that the Court sentence defendant to a term of five years probation with a special condition of six months home detention with electronic monitoring and (b) that the Court order $39,646 in restitution.

II.

FACTUAL SUMMARY

The Section 8 Housing Choice Voucher Program ("Section 8 Program") is administered locally by Public Housing Authorities ("PHAs") with federal funds from the United States Department of Housing and Urban Development ("HUD").  Plea Agreement ¶ 9.  With housing choice vouchers, low-income households, elderly, and disabled persons can afford to rent housing in the private market.  Id.  A household that is issued a housing voucher is responsible for finding a suitable housing unit of the household's choice where the owner agrees to rent under the program.  Id.  The parties then enter into a Housing Assistance Payment contract, and a housing subsidy is paid to the landlord directly by the PHA on behalf of the participating household. Id.  The amount of a household's housing subsidy is determined, in part, on the basis of the total monthly income in the household and the sources of that income – facts that are attested to annually by the principal participant in a certified statement.  Id.  When a participant misstates, among other things, the total income in a household or sources of that income, a potential for fraudulent payment exists.  Id.

From October 12, 1999, to the present, defendant has been employed by the United States Department of Homeland Security's Bureau of Immigration and Customs Enforcement ("ICE") (formerly, the United States Department of Justice's Immigration and Naturalization Service) as a mail and file clerk with the Office

2

of Principal Legal Advisor.[1]  Id.; see also Decl. of Jean-Claude
André ("André Decl.") Ex. 1 at 1.  On August 14, 2000, defendant
suffered an on-the-job injury.  PSR ¶ 11; see also André Decl.
Ex. 2 at 2.  As a result, defendant reduced her work hours and
received disability benefits from the United States Department of
Labor ("DOL") from January 2003 until October 5, 2007.  PSR ¶ 11;
see also André Decl. Ex. 2 at 2-3; id. Ex. 3 at 4-8.
Notwithstanding defendant's reduction of her work hours,
defendant maintained her employment with ICE at all times.  PSR ¶
11; see also André Decl. Ex. 1 at 1-2.

From February 21, 2002,[2] to February 1, 2007, defendant
received housing assistance from various PHAs participating in
the Section 8 Program.[3]  Id. ¶ 12.  Specifically, from February
2002 through April 2003; from October 2004 through December 2004;
and from March 2006 through February 2007, defendant received a
total of $42,024 in housing assistance from the Housing Authority
of the County of Los Angeles ("HACOLA").  PSR ¶ 12(a); see also
André Decl. Ex. 4 at 1.  From May 2003 through May 2004,
defendant received a total of $15,708 in housing assistance from
the Inglewood Housing Authority ("IHA").  PSR ¶ 12(b); see also

---

[1]    Defendant is presently on indefinite suspension until
sentenced.  PSR ¶ 11 n.3.

[2]    Although Paragraph 12 of the PSR correctly notes that
defendant began receiving Section 8 housing assistance on
February 21, 2002, Paragraph 11 incorrectly notes that defendant
began receiving Section 8 housing assistance on March 1, 2002.
Compare PSR ¶ 12 with id. ¶ 11.

[3]    Over the relevant time period, defendant moved a number
of times and, therefore, received housing assistance from a
number of PHAs.

1  André Decl. Ex. 4 at 1-2.  And from May 2004 through January

2  2006, defendant received a total of $22,680 in housing assistance

3  from the Housing Authority of the City of Los Angeles ("HACLA").

4  PSR ¶ 12(c); see also André Decl. Ex. 4 at 2.

5       To obtain these benefits, defendant submitted to her local

6  PHAs various documents, many of which underreported her income

7  and/or failed to report the sources of her income, including by

8  omitting disability benefits she was then receiving.  PSR ¶ 12.

9  In October 2002, defendant submitted to HACOLA two documents that

10 omitted the salary that she was then receiving: (1) an October

11 11, 2002, Certification of CalWORKs/General Relief Benefits; and

12 (2) an October 20, 2002, Family Information Update.  Compare

13 André Decl. Exs. 5 & 6 with Ex. 3 at 3.  On April 10, 2003,

14 defendant submitted to IHA a Personal Declaration that omitted

15 the disability benefits that she was then receiving.  Compare

16 André Decl. Ex. 7 at 2 with Ex. 3 at 4.  On March 26, 2004,

17 defendant submitted to HACLA (1) a Certified Statement attesting

18 that she was not then receiving disability benefits when, in

19 truth, defendant was then receiving disability benefits from DOL;

20 and (2) a Voucher Application that omitted her disability income.

21 Compare André Decl. Exs. 8 & 9 with Ex. 3 at 5.  On February 2,

22 2005, defendant submitted to HACLA a Voucher Application that

23 omitted her disability income.  Compare André Decl. Ex. 10 with

24 Ex. 3 at 6.  On September 26, 2005, defendant submitted to HACLA

25 a Certified Statement attesting that she had not worked in the

26 past 12 months and was not then receiving disability benefits

27 when both attestations were false.  Compare Bates André Decl. Ex.

28 11 with Ex. 3 at 5-6.  And on October 4, 2005, defendant

4

submitted to HACLA (1) a Verification of Department of Public
Social Services Assistance that omitted the salary and disability
benefits that she was then receiving; and (2) a Housing
Assistance Application on which she attested that she was not
working.  Compare André Decl. Exs. 12 & 13 at 3 with Ex. 3 at 6.

Representatives from HACOLA, IHA, and HACLA each determined
that, had defendant been truthful on the documents described
above, her housing assistance benefits would have been
significantly less.  André Decl. Ex. 4.  As charted below,
defendant received the following total amounts of housing
assistance and the following amounts of housing assistance to
which she was not entitled:[4]

| Relevant PHA | Relevant Time Periods | Housing Assistance Received | **Unentitled Housing Assistance Received** |
|---|---|---|---|
| Housing Authority of the County of Los Angeles | 2/2002 to 4/2003 10/2004 to 12/2004 3/2006 to 2/2007 | $42,024 | $17,265 |
| Inglewood Housing Authority | 5/2003 to 5/2004 | $15,708 | $8,111 |
| Housing Authority of the City of Los Angeles | 9/2005 to 1/2006 | $22,680 | $14,270 |
| **Totals** | | $80,412 | **$39,646** |

All-in-all, defendant's false statements resulted in her
receiving a total of $39,646 in Section 8 housing assistance to
which she was not entitled.  PSR ¶ 13.

---

[4]    These amounts are also discussed in Paragraphs 12(a)
through (c) of the PSR.

5

III.

THE SENTENCING GUIDELINES

Pursuant to the written the plea agreement, the parties
agreed to a base offense level of 6 under U.S.S.G. § 2B1.1(a)(2).
Plea Agreement ¶ 12.  The parties also agreed that they were free
to argue whether additional offense characteristics, adjustments,
and departures should apply.  Id.  In particular, the parties
agreed that the government was free to argue that defendant
should receive up to a six-level enhancement for relevant loss
under U.S.S.G. §§ 1B1.3(a)(1)(A) and 2B1.1(b)(1)(D).[5]  Id.

Consistent with the PSR's recommendation, the government
believes that defendant's offense level should be so-increased by
six points for a total of $39,646 in relevant loss.[6]  PSR ¶ 19.
The losses resulting from all of the false statements discussed
above are relevant losses because they arose from "the same
course of conduct or common scheme or plan" as the offense of
conviction" and the offense of conviction is "of a character for
which § 3D1.2(d) would require grouping of multiple counts."

---

[5]    The Plea Agreement mistakenly refers to U.S.S.G.
§ 2B1.1(b)(1)(E) instead of § 2B1.1(b)(1)(D).  Plea Agreement
¶ 12.

[6]    In the plea agreement, the government reserved its
right to argue that relevant loss was $53,794.  The $53,794
figure was based on the government's estimate of relevant loss as
of defendant's signing of the plea agreement on February 11,
2008.  The government subsequently completed its investigation
and determined that defendant received only $39,646 in housing
assistance to which she was not entitled.  PSR ¶ 4 n.1.  For
purposes of the Court's calculation of defendant's advisory
Guidelines range, the difference between $53,794 and $39,646 in
relevant loss is of no moment.  Both figures call for a six-level
enhancement under U.S.S.G. § 2B1.1(b)(1)(D).

1  U.S.S.G. § 1B1.3(a)(2).

2  　　　Consistent with the government's obligations under the plea

3  agreement and consistent with the PSR, the government does

4  believe, however, that defendant is entitled to a two-point

5  reduction of her offense level for acceptance of responsibility

6  given her guilty plea.  Plea Agreement ¶ 17(c); PSR ¶ 24; <u>see</u>

7  <u>also</u> U.S.S.G. § 3E1.1(a).  Consequently and consistent with the

8  PSR, the government believes that the appropriate total offense

9  level for defendant is 10, as depicted below:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Loss Between $30,000 and $70,000 | : | +6 | U.S.S.G. § 2B1.1(b)(1)(D) |
| Acceptance of Responsibility | : | -2 | U.S.S.G. § 3E1.1(a) |
| Total Offense Level | : | 10 | |

16  PSR ¶¶ 18-27.

17  　　　With a criminal history category of I, as calculated in the

18  PSR, defendant faces a sentencing range of 6 to 12 months

19  imprisonment.  PSR ¶ 74.  But as the PSR correctly observes,

20  defendant's Zone B Guideline sentencing range results in various

21  sentencing options, including the non-custodial option that the

22  government recommends here.  PSR ¶ 73; <u>see also</u> U.S.S.G. §

23  5B1.1(a)(2).

IV.

APPROPRIATE SENTENCE[7]

The government recommends that the Court sentence defendant to a five-year term of probation including a condition that defendant participate in a six-month program of home confinement with electronic monitoring.  That sentence is, in the government's view, both appropriate and reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).[8]

The sentence recommended by the government reflects the seriousness of defendant's conduct, promotes respect for the law, provides just punishment, and reflects the need to provide restitution.  See 18 U.S.C. § 3553(a)(2)(A) & (a)(7).  While defendant's false statements were serious and resulted in substantial economic harm extending over a long period of time, defendant has no criminal history and does not appear to pose a substantial risk of recidivism.  Additionally, although

---

[7]    Defendant has waived any right to appeal her sentence so long as it is, among other things, within or below the range corresponding to a total offense level of 10.  Plea Agreement ¶ 20.

[8]    In the parties' written plea agreement, the government agreed "[t]o recommend that defendant be sentenced to a term of imprisonment at the low end of the applicable Sentencing Guidelines imprisonment range calculated by the Court provided that the Court does not depart downward in offense level or criminal history category."  Plea Agreement ¶ 17(d).  Because a term of probation is a permissible and less-restrictive substitute for incarceration in a Zone B case like this one, the government's recommended sentence is not inconsistent with its obligations under the plea agreement.  Should defendant believe or the Court find otherwise, the government would alternatively recommend a sentence of six months incarceration followed by a three-year term of supervised release.

defendant's statements to investigators during her initial
interview were "inconsistent," she expressed her "willing[ness]
to cooperate and . . . be truthful" and admitted to making the
false statements at issue in this case.  André Decl. Ex. 2 at 1-
2.

        The government's recommended sentence balances these
competing concerns.  Specifically, the government's recommended
condition that defendant participate in a six-month program of
home confinement with electronic monitoring appropriately
restrains defendant's liberty, while at the same time allows her
to continue working and to pay restitution.  A five-year term of
probation will allow time for defendant to repay as much of the
restitution owed as possible – particularly, in light of
defendant's current financial situation, which suggests an
ability to make only nominal payments.  PSR ¶¶ 61-71.

                                    V.

                              RESTITUTION

        In the parties' written plea agreement, defendant agreed
that "in return for the USAO's compliance with its obligations
under this agreement, the amount of restitution is not restricted
to the amounts alleged in the count to which defendant is
pleading guilty and may include losses arising from charges
dismissed pursuant to this agreement as well as all relevant
conduct in connection with those counts and charges."  Plea
Agreement ¶ 5.  Consistent with the PSR and for the same reasons
that the government believes that defendant should receive a six-
level enhancement for $39,646 in relevant loss, the government
believes that defendant should be ordered to pay $39,646 in

                                    9

restitution to the victims of her false statements.   PSR ¶ 94.

VI.

CONCLUSION

For foregoing reasons, the government respectfully requests (a) that the Court sentence defendant to a five-year term of probation including a condition that defendant participate in a six-month program of home confinement with electronic monitoring and (b) that the Court order defendant to pay $39,646 in restitution.

DATED: May 6, 2008                    Respectfully submitted,

                                      THOMAS P. O'BRIEN
                                      United States Attorney

                                      CHRISTINE C. EWELL
                                      Assistant United States Attorney
                                      Chief, Criminal Division


                                      _____/s/_____
                                      JEAN-CLAUDE ANDRÉ
                                      Assistant United States Attorney

                                      Attorneys for Plaintiff
                                      United States of America

DECLARATION OF JEAN-CLAUDE ANDRÉ

I, Jean-Claude André, declare and state as follows:

1.    I am an Assistant United States Attorney for the Central District of California and am principally responsible for the prosecution of United States v. Ramona Cushenbery, CR No. 07-947-PA.  I make this declaration in support of the government's Sentencing Position for Defendant Ramona Cushenberry.

2.    Attached hereto as Exhibit 1 is a true and correct copy of a Department of Homeland Security ("DHS") Report of Investigation ("ROI") summarizing the employment history of defendant Ramona Cushenberry ("defendant") with DHS's Bureau of Immigration and Customs Enforcement ("ICE").

3.    Attached hereto as Exhibit 2 is a true and correct copy of a DHS ROI summarizing interviews with defendant, defendant's supervisor at ICE, and ICE's Human Resources Department.

4.    Attached hereto as Exhibit 3 is a true and correct copy of spreadsheets prepared by ICE Special Agent ("SA") Tracie Uchida that track defendant's payroll and Department of Labor ("DOL") disability payments from January 2000 through September 2007.

5.    Attached hereto as Exhibit 4 is a true and correct copy of a DHS ROI summarizing interviews with officials from the Housing Authority of the County of Los Angeles ("HACOLA"), the Inglewood Housing Authority ("IHA"), and the Housing Authority of the City of Los Angeles ("HACLA"), each of whom calculated the total amounts of Section 8 housing assistance received by defendant and the amounts received to which defendant was not entitled.

1

6.    Attached hereto as Exhibit 5 is a true and correct copy of an October 11, 2002, Certification of CalWORKs/General Relief Benefits that defendant submitted to HACOLA and that omitted the salary that she was then receiving.

7.    Attached hereto as Exhibit 6 is a true and correct copy of an October 20, 2002, Family Information Update that defendant submitted to HACOLA and that omitted the salary that she was then receiving.

8.    Attached hereto as Exhibit 7 is a true and correct copy of an April 10, 2003, Personal Declaration that defendant submitted to IHA and that omitted the disability benefits that she was then receiving.

9.    Attached hereto as Exhibit 8 is a true and correct copy of a March 26, 2004, Certified Statement that defendant submitted to HACLA and that attested that she was not then receiving disability benefits when, in truth, defendant was then receiving disability benefits from DOL.

10.   Attached hereto as Exhibit 9 is a true and correct copy of a March 26, 2004, Voucher Application that defendant submitted to HACLA and that omitted her disability income.

11.   Attached hereto as Exhibit 10 is a true and correct copy of a February 2, 2005, Voucher Application that defendant submitted to HACLA and that omitted her disability income.

12.   Attached hereto as Exhibit 11 is a true and correct copy of a September 26, 2005, Certified Statement that defendant submitted to HACLA and that attested that she had not worked in the past 12 months and was not then receiving disability benefits when both attestations were false.

2

1    13.   Attached hereto as Exhibit 12 is a true and correct

2   copy of an October 4, 2005, Verification of Department of Public

3   Social Services Assistance that defendant submitted to HACLA and

4   that omitted the salary and disability benefits that she was then

5   receiving.

6    14.   Attached hereto as Exhibit 13 is a true and correct

7   copy of an October 4, 2005, Housing Assistance Application that

8   defendant submitted to HACLA and on which she attested that she

9   was not working when that attestation was false.

10    I declare under penalty of perjury under the laws of the

11  United States of America that the foregoing is true and correct

12  to the best of my knowledge and belief.   Executed this 6th day of

13  May 2008, at Los Angeles, California.

14

15   _____

16   JEAN-CLAUDE ANDRÉ

17

18

19

20

21

22

23

24

25

26

27

28

3

EXHIBIT 1

·OFFICIAL USE ONLY                              SENSITIVE                                    Page 2 of 4



| DEPARTMENT OF HOMELAND SECURITY | 1. CASE NUMBER |
|---|---|
| | 200604733 |
| | **PREPARED BY** |
| | UCHIDA, TRACIE K |
| **REPORT OF INVESTIGATION**<br>**CONTINUATION**<br>HB 4200-01 (37), Special Agent Handbook | **2. REPORT NUMBER** |
| | 005 |

## 10. NARRATIVE

DETAILS OF INVESTIGATION

Special Agent Leonard de Vera, U.S. Department of Housing and Urban Development (HUD), Office of Inspector General, Los Angeles, California telephonically reported to the Office of Professional Responsibility, Laguna Niguel, California (OPR/Laguna Niguel) that Immigration and Customs Enforcement (ICE), Office of the Principle Legal Advisor (OPLA), Mail and File Clerk Romona CUSHENBERRY was the subject of a criminal investigation involving fraud on a HUD loan.

Investigative finding have revealed that CUSHENBERRY is under reporting her income and is receiving HUD Section 8 subsidies, which is the federal government's major program for assisting very low-income families. Eligibility for the program is determined by income and family size.

On February 10, 2007, Senior Special Agent Tracie Uchida, OPR/Los Angeles, analyzed Romona CUSHENBERRYs Notification of Personnel Action forms, SF-50. According to the documents, CUSHENBERRY has been employed full time with the ICE OPLA Los Angeles, California from October 12, 1999 thru the present as a Mail and File Clerk. CUSHENBERRY currently earns $36,017.00, changes to her salary are reflected below:

1) January 7, 2007- Cost of living allowance (COLA) increase.
 $35,174.00 to $36, 017.00

2) June 11, 2006- Grade and step increase from GS-4/6 to GS-5/5.
$32,364.00 to $35,174.00

3) January 8, 2006- COLA increase.
$31,302.00 to $32,364.00

4) May 15, 2005- Wage grade increase from GS-4/5 to GS-4/6.
$30,408.00 to $31,302.00

5) January 9, 2005- COLA increase.
$29,275.00 to $30,408.00

6) January 11, 2004- COLA and special pay rate increase.
$27,949.00 to $29,275.00

OFFICIAL USE ONLY                              SENSITIVE

150

| DEPARTMENT OF HOMELAND SECURITY | 1. CASE NUMBER |
|---|---|
| | 200604733 |
| | **PREPARED BY** |
| | UCHIDA, TRACIE K |
| **REPORT OF INVESTIGATION CONTINUATION** | **2. REPORT NUMBER** |
| HB 4200-01 (37), Special Agent Handbook | 005 |

## 10. NARRATIVE

7) January 12, 2003- COLA increase.
$27,092.00 to $27,932.00

8) January 13, 2002- COLA increase.
$26,156.00 to $27,092.00

9) January 14, 2001- COLA increase.
$26,156.00 to $27,092.00

10) January 2, 2000- COLA increase.
$24,531.00 to $25,470.00

11) October 12, 1999- Reinstate career.
GS-4/5 $24,531.00

Prior to CUSHENBERRYs current appointment as a Mail and File Clerk she has worked with the Immigration and Naturalization intermittently on a temporary basis and held a position as a clerk typist with the Department of Defense from April 1984 to May 1993.

This investigation continues.

EXHIBIT 2

OFFICIAL USE ONLY SENSITIVE



## DEPARTMENT OF HOMELAND SECURITY

**1. CASE NUMBER**

200604733

**PREPARED BY**

UCHIDA, TRACIE K

### REPORT OF INVESTIGATION
### CONTINUATION

HB 4200-01 (37), Special Agent Handbook

**2. REPORT NUMBER**

007

## 10. NARRATIVE

DETAILS OF INVESTIGATION

Special Agent Leonard de Vera, U.S. Department of Housing and Urban Development (HUD), Office of Inspector General, Los Angeles, California telephonically reported to the Office of Professional Responsibility, Laguna Niguel, California (OPR/Laguna Niguel) that Immigration and Customs Enforcement (ICE), Office of the Principle Legal Advisor (OPLA), Mail and File Clerk Romona CUSHENBERRY was the subject of a criminal investigation involving fraud on a HUD loan.

Investigative finding have revealed that CUSHENBERRY is under reporting her income and is receiving HUD Section 8 subsidies, which is the federal government's major program for assisting very low-income families. Eligibility for the program is determined by income and family size. The investigation has also revealed CUSHENBERRY was receiving public social service benefits.

On February 24, 2007, CUSHENBERRY met with Stacey Dawson, Investigative Analyst, Housing Authority County of Los Angeles (HACOLA), Santa Fe Springs, California office to update her delinquent annual certification form for 2006-2007. After the initial meeting with CUSHENBERRY, Dawson indicated that CUSHENBERRY failed to disclose her status as a federal employee on the annual housing certification form, but upon further questioning she volunteered to provide a statement, wherein she admitted to being employed by the U.S. Department of Homeland Security (DHS). According to CUSHENBERRY she began working for DHS in June 2005. She further stated that she did not advise the housing authority of her employment because she said the "county" (herein after referred to as DPSS) obtained her job for her and she provided a copy of her check to the DPSS. CUSHENBERRY said that she knows she is supposed to report her income. Inv Dawson further stated that CUSHENBERRY currently only pays $9.00 a month for rent and HACOLA pays the remainder, $1,016.00. Based on these findings, Dawson indicated that she would move to terminate CUSHENBERRYs Section 8 participation.

Upon completion of Dawson's interview with CUSHENBERRY, SSA Uchida and SA de Vera interviewed CUSHENBERRY regarding her failure to disclose her federal employment to HACOLA. SSA Uchida and SA de Vera identified themselves and CUSHENBERRY was advised that she was not required to speak with the agents, answer any of the agents questions and was free to leave at any time. CUSHENBERRY stated she was willing to cooperate and wanted to be truthful, but throughout the interview CUSHENBERRYs statements were inconsistent. CUSHENBERRY was very well dressed, had her hair and nails done, and wore lots of jewelry.

CUSHENBERRY admitted to failing to disclose her federal employment while receiving section 8

OFFICIAL USE ONLY SENSITIVE

154

OFFICIAL USE ONLY SENSITIVE

| DEPARTMENT OF HOMELAND SECURITY | 1. CASE NUMBER |
|---|---|



**DEPARTMENT OF HOMELAND SECURITY**

**1. CASE NUMBER**

200604733

**PREPARED BY**

UCHIDA, TRACIE K

**REPORT OF INVESTIGATION CONTINUATION**

HB 4200-01 (37), Special Agent Handbook

**2. REPORT NUMBER**

007

## 10. NARRATIVE

benefits, admitted to failing to disclose her employment on HACOLA certification documents and admitted responsibility for her actions. CUSHENBERRY said it was her decision to say she had no income and was not working. CUSHENBERRY provided a signed affidavit indicating that the reason she did not disclose her employment was due to her belief that any help received from the DPSS did not have to be reported. CUSHENBERRY claimed since the DPSS referred her to the DHS for her current job she did not have to report her employment.

CUSEHNBERRY said she works part time at DHS, she is a grade step (GS) 4, she works approximately 21 hours a week and her job is not permanent. SSA Uchida told CUSHENBERRY payroll records indicate her current salary is at the GS-5 level, CUSHENBERRY changed her answer and said she was a GS-5.

SSA Uchida asked CUSHENBERRY how she receives her paycheck from DHS. At first CUSHENBERRY stated she receives her paycheck from the county not DHS. CUSHENBERRY stated she receives a paycheck in the mail and then cashes it. SSA Uchida told CUSHENBERRY all federal employees receive their paychecks through direct deposit into a bank account. CUSHENBERRY changed her answer and said she has a bank account and receives her paycheck through direct deposit. On the housing documents CUSHENBERRY has completed she indicates she has no bank account.

CUSHENBERRY further stated she earns approximately $600.00 a month from DHS and she sends a copy of her paycheck to DPSS. CUSHENBERRY said she photocopies her paycheck, writes her DPSS case number on the envelope and mails it to DPSS. On February 28, 2007, SSA Uchida spoke to Investigator Gloria Shepard, DPSS, and she stated that there is no indication that CUSHENBERRY disclosed her employment and sends a copy of her paycheck to DPSS. Inv Shepard also stated that if CUSHENBERRY sent a copy of her paycheck to DPSS she would not be eligible for the aid she has been receiving because according to DPSS records CUSHENBERRY reports no income earned.

On February 27, 2007, SSA Uchida contacted Fay Hurtado at ICE, OPLA, Los Angeles, California. During CUSHENBERRYs February 24, 2007 interview she stated that her supervisor at ICE was a woman called "Fay". Hurtado stated she was not CUSHENBERRYs supervisor and said her supervisor was Linda Antonio. SSA Uchida spoke to Antonio and she stated she was CUSHENBERRYs supervisor and CUSHENBERRY was injured while on the job on or about August 14, 2000. CUSHENBERRY is currently employed as a full time employee, but only works part-time due to her injury. Antonio stated CUSHENBERRY returned to work full time on or about March 1, 2005. On or about April 3, 2005, CUSHENBERRY began to work approximately 30

OFFICIAL USE ONLY SENSITIVE



OFFICIAL USE ONLY                    SENSITIVE                    Page 4 of 5

| DEPARTMENT OF HOMELAND SECURITY | 1. CASE NUMBER |
|---|---|
| | 200604733 |
| | **PREPARED BY** |
| | UCHIDA, TRACIE K |
| **REPORT OF INVESTIGATION CONTINUATION**<br>HB 4200-01 (37), Special Agent Handbook | **2. REPORT NUMBER** |
| | 007 |

## 10. NARRATIVE

hours a week and claims 10 hours of worker's compensation a week for physical therapy. CUSHENBERRY is currently on this same work schedule.

Although CUSHENBERRY was not working during her injury her salary was being compensated through worker's compensation. CUSHENBERRY has been receiving worker's compensation payments from November 2000 thru the present to supplement her salary. CUSHENBERRY failed to disclose the worker's compensation income to the Housing Authorities and the DPSS.

On March 21, 2007, SSA Uchida learned from ICE Human Resources that the Department of Labor (DOL) pays compensation for the employee's wage at the date of injury. If the employee has dependents, DOL will pay 75% of the gross wages from date of injury. If no dependents, DOL will pay 66 2/3% of gross wages from date of injury. This money received is not taxable, as a result, the payment received is close to or more than what the employee may actually be earning. The only time this dollar amount will change is for cost of living adjustments.

ICE employees are paid very two weeks; there are 26 pay periods per year. On March 21, 2007, SSA Uchida learned from ICE Intelligence Research Specialist Julie Wilson that for pay period one of 2007, CUSHENBERRYs net pay was $814.17 for working 62.5 hours at ICE for a two week period. The income earned from ICE does not include the income earned from DOL for the remaining 17.5 hours not worked in the pay period due to her injury. During CUSHENBERRYs February 24, 2007 interview with SSA Uchida and SA de Vera, CUSHENBERRY stated she only earns approximately $600.00 a month from ICE.

This investigation continues.

OFFICIAL USE ONLY                    SENSITIVE

EXHIBIT 3

# CUSHENBERRY, Romona 200604733 - Payroll Records

| Pay Period | Gross | Net |
|---|---|---|
| 01-2000 | $976.00 | $746.65 |
| 02 | $1,526.72 | $1,084.66 |
| 03 | $976.00 | $747.57 |
| 04 | $1,415.20 | $1,025.02 |
| 05 | $976.00 | $747.57 |
| 06 | $976.00 | $741.47 |
| 07 | $976.00 | $741.47 |
| 08 | $976.00 | $741.47 |
| 09 | $976.00 | $741.47 |
| 10 | $976.00 | $741.47 |
| 11 | $1,415.20 | $1,018.92 |
| 12 | $1,268.80 | $936.42 |
| 13 | $976.00 | $741.47 |
| 14 | $976.00 | $741.47 |
| 15 | $976.00 | $741.47 |
| 16 | $976.00 | $741.47 |
| 17 | $976.00 | $741.47 |
| 18 | $976.00 | $741.47 |
| 19 | $976.00 | $741.47 |
| 20 | $976.00 | $741.47 |
| 21 | $976.00 | $741.47 |
| 22 | $976.00 | $741.47 |
| 23 | $483.00 | $386.62 |
| 24 | $0.00 | $0.00 |
| 25 | $0.00 | $0.00 |
| 26 | $0.00 | $0.00 |
| 2000 Total | $23,676.92 | $17,815.48 |

1 of 8

116

| Pay Period | Gross | Net |
|---|---|---|
| 01-2001 | $469.88 | $375.20 |
| 02 | $927.22 | $797.97 |
| 03 | $714.21 | $554.74 |
| 04 | $0.00 | $0.00 |
| 05 | $0.00 | $0.00 |
| 06 | $0.00 | $0.00 |
| 07 | $0.00 | $0.00 |
| 08 | $0.00 | $0.00 |
| 09 | $0.00 | $0.00 |
| 10 | $100.24 | $77.78 |
| 11 | $0.00 | $0.00 |
| 12 | $0.00 | $0.00 |
| 13 | $0.00 | $0.00 |
| 14 | $0.00 | $0.00 |
| 15 | $0.00 | $0.00 |
| 16 | $0.00 | $0.00 |
| 17 | $0.00 | $0.00 |
| 18 | $0.00 | $0.00 |
| 19 | $0.00 | $0.00 |
| 20 | $0.00 | $0.00 |
| 21 | $0.00 | $0.00 |
| 22 | $0.00 | $0.00 |
| 23 | $0.00 | $0.00 |
| 24 | $0.00 | $0.00 |
| 25 | $801.92 | $630.99 |
| 26 | $551.32 | $448.10 |
| 2001 Total | $3,564.79 | $2,884.78 |

| Pay Period | Gross | Net |
|------------|-------|-----|
| 01-2002 | $726.88 | $596.29 |
| 02 | $623.04 | $520.96 |
| 03 | $726.88 | $596.29 |
| 04 | $623.04 | $520.96 |
| 05 | $623.04 | $520.96 |
| 06 | $623.04 | $520.96 |
| 07 | $726.88 | $596.29 |
| 08 | $623.04 | $520.96 |
| 09 | $623.04 | $520.96 |
| 10 | $623.04 | $520.96 |
| 11 | $623.04 | $520.96 |
| 12 | $623.04 | $520.96 |
| 13 | $623.04 | $520.96 |
| 14 | $623.04 | $520.96 |
| 15 | $519.20 | $442.23 |
| 16 | $311.52 | $270.75 |
| 17 | $415.36 | $357.55 |
| 18 | $415.36 | $357.55 |
| 19 | $415.36 | $357.55 |
| 20 | $415.36 | $357.55 |
| 21 | $415.36 | $357.55 |
| 22 | $415.36 | $357.55 |
| 23 | $415.36 | $357.55 |
| 24 | $0.00 | $0.00 |
| 25 | $519.20 | $442.61 |
| 26 | $519.20 | $442.61 |
| 2002 Total | $13,810.72 | $11,620.48 |

3 of 8

| Pay Period | Gross | Net |
|---|---|---|
| 01-2003 | $428.48 | $369.34 |
| 02 | $321.36 | $280.47 |
| 03 | $0.00 | $0.00 |
| 04 | $0.00 | $0.00 |
| 05 | $0.00 | $0.00 |
| 06 | $0.00 | $0.00 |
| 07 | $0.00 | $0.00 |
| 08 | $0.00 | $0.00 |
| 09 | $0.00 | $0.00 |
| 10 | $0.00 | $0.00 |
| 11 | $0.00 | $0.00 |
| 12 | $0.00 | $0.00 |
| 13 | $0.00 | $0.00 |
| 14 | $0.00 | $0.00 |
| 15 | $0.00 | $0.00 |
| 16 | $0.00 | $0.00 |
| 17 | $0.00 | $0.00 |
| 18 | $0.00 | $0.00 |
| 19 | $0.00 | $0.00 |
| 20 | $0.00 | $0.00 |
| 21 | $0.00 | $0.00 |
| 22 | $0.00 | $0.00 |
| 23 | $0.00 | $0.00 |
| 24 | $0.00 | $0.00 |
| 25 | $0.00 | $0.00 |
| 26 | $0.00 | $0.00 |
| 2003 Total | $749.84 | $0.00 |

| OWCP Comp Period | Payment | Roll Type |
|---|---|---|
| 11/7/00 - 02/28/01 | $4,362.40 | Supplemental |
| (paid 2/2003) | | |
| 3/1/01 - 2/28/02 | $16,738.29 | Supplemental |
| (paid 1/2003) | | |
| 3/1/02 - 12/29/02 | $7,891.70 | Supplemental |
| (paid 2/2003) | | |
| 12/23/02 - 3/26/03 | $3,876.15 | Periodic |
| 03/27/03 - 04/18/03 | $1,287.85 | Periodic |
| 04/21/03 - 05/16/03 | $1,516.60 | Periodic |
| 05/17/03 - 06/13/03 | $1,516.60 | Periodic |
| 06/15/03 - 07/12/03 | $1,516.60 | Periodic |
| 07/13/03 - 08/09/03 | $1,516.60 | Periodic |
| 08/10/03- 09/06/03 | $1,516.60 | Periodic |
| 09/07/03 - 10/04/03 | $1,516.60 | Periodic |
| 10/05/03 - 11/01/03 | $1,516.60 | Periodic |
| 11/02/03 - 11/29/03 | $1,516.60 | Periodic |
| 11/30/03 - 12/27/03 | $1,516.60 | Periodic |
| 2003 Total | $47,805.79 | |

**2003 Total Gross Income $48,555.63**

**4 of 8**

| Pay Period | Gross | Net |
|---|---|---|
| 01-2004 | $0.00 | $0.00 |
| 02 | $0.00 | $0.00 |
| 03 | $0.00 | $0.00 |
| 04 | $0.00 | $0.00 |
| 05 | $0.00 | $0.00 |
| 06 | $0.00 | $0.00 |
| 07 | $0.00 | $0.00 |
| 08 | $0.00 | $0.00 |
| 09 | $0.00 | $0.00 |
| 10 | $0.00 | $0.00 |
| 11 | $0.00 | $0.00 |
| 12 | $0.00 | $0.00 |
| 13 | $0.00 | $0.00 |
| 14 | $0.00 | $0.00 |
| 15 | $0.00 | $0.00 |
| 16 | $0.00 | $0.00 |
| 17 | $0.00 | $0.00 |
| 18 | $0.00 | $0.00 |
| 19 | $0.00 | $0.00 |
| 20 | $0.00 | $0.00 |
| 21 | $0.00 | $0.00 |
| 22 | $0.00 | $0.00 |
| 23 | $0.00 | $0.00 |
| 24 | $0.00 | $0.00 |
| 25 | $0.00 | $0.00 |
| 26 | $0.00 | $0.00 |
| Total | $0.00 | $0.00 |

| OWCP Comp Period | Payment | Roll Type |
|---|---|---|
| 12/28/03 - 1/24/04 | $1,516.60 | Periodic |
| | | |
| 01/25/04 - 02/21/2004 | $1,516.60 | Periodic |
| | | |
| 02/22/04 - 03/20/2004 | $1,516.60 | Periodic |
| 03/01/04 - 03/20/04 | $17.14 | Supplemental |
| 03/21/04 - 04/17/04 | $1,540.60 | Periodic |
| | | |
| 04/18/04 - 05/15/04 | $1,540.60 | Periodic |
| | | |
| 05/16/04 - 06/12/04 | $1,540.60 | Periodic |
| | | |
| 06/13/04 - 07/10/04 | $1,540.60 | Periodic |
| | | |
| 07/11/04 - 08/07/07 | $1,540.60 | Periodic |
| | | |
| 08/08/04 - 09/04/04 | $1,540.60 | Periodic |
| | | |
| 09/05/04 - 10/02/04 | $1,540.60 | Periodic |
| | | |
| 10/3/04 - 10/30/04 | $1,540.60 | Periodic |
| | | |
| 10/31/04 - 11/27/04 | $1,540.60 | Periodic |
| | | |
| 11/28/04- 12/25/04 | $1,540.60 | Periodic |
| | | |
| Total | $19,972.94 | |

## 2004 Total Gross Income $19,972.94

| Pay Period | Gross | Net |
|---|---|---|
| 01-2005 | $0.00 | $0.00 |
| 02 | $0.00 | $0.00 |
| 03 | $0.00 | $0.00 |
| 04 | $455.24 | $399.99 |
| 05 | $1,165.60 | $916.98 |
| 06 | $1,165.60 | $916.98 |
| 07 | $910.62 | $736.58 |
| 08 | $859.63 | $699.58 |
| 09 | $859.63 | $699.58 |
| 10 | $835.00 | $715.14 |
| 11 | $937.50 | $735.34 |
| 12 | $885.00 | $677.05 |
| 13 | $939.50 | $715.14 |
| 14 | $885.00 | $677.05 |
| 15 | $937.50 | $715.14 |
| 16 | $885.00 | $677.05 |
| 17 | $937.50 | $715.14 |
| 18 | $937.50 | $714.14 |
| 19 | $885.00 | $677.05 |
| 20 | $937.50 | $715.14 |
| 21 | $885.00 | $677.05 |
| 22 | $937.50 | $755.64 |
| 23 | $885.00 | $707.29 |
| 24 | $885.00 | $707.29 |
| 25 | $885.00 | $708.83 |
| 26 | $990.03 | $785.00 |
| Total | $20,885.85 | $16,444.17 |

| OWCP Comp Period | Payment | Roll Type |
|---|---|---|
| 12/26/04 - 1/22/05 | $1,540.60 | Periodic |
| 12/26/04 - 1/22/05 | $1,540.60 | Periodic |
|  |  |  |
| 01/23/05 - 02/1905 | $1,540.60 | Periodic |
|  |  |  |
| 02/20/05 - 03/19/05 | $1,540.60 | Periodic |
| 03/01/05 - 03/19/05 | $35.96 | Supplemental |
| 03/20/05 - 04/16/05 | $1,593.60 | Periodic |
|  |  |  |
| 04/17/05 - 05/14/05 | $1,593.60 | Periodic |
|  |  |  |
| 05/15/05 - 06/11/05 | $1,593.60 | Periodic |
|  |  |  |
| 06/12/05 - 07/09/05 | $1,593.60 | Periodic |
|  |  |  |
| 07/10/05 - 08/06/05 | $1,593.60 | Periodic |
|  |  |  |
| 08/07/05 - 09/03/05 | $1,593.60 | Periodic |
|  |  |  |
| 09/04/05 - 10/01/05 | $1,593.60 | Periodic |
|  |  |  |
| 10/02/05 - 10/29/05 | $1,593.60 | Periodic |
|  |  |  |
| 10/30/05 - 11/26/05 | $1,593.60 | Periodic |
|  |  |  |
| 11/27/05 - 12/24/05 | $1,593.60 | Periodic |
| Total | $22,134.36 |  |

## 2005 Total Gross Income $43,020.21

6 of 8

| Pay Period | Gross | Net |
|---|---|---|
| 01-2006 | $939.38 | $769.33 |
| 02 | $915.09 | $729.95 |
| 03 | $915.09 | $729.95 |
| 04 | $1,023.66 | $808.37 |
| 05 | $969.38 | $769.33 |
| 06 | $915.09 | $729.95 |
| 07 | $915.09 | $729.95 |
| 08 | $915.09 | $729.95 |
| 09 | $915.09 | $729.95 |
| 10 | $915.09 | $729.95 |
| 11 | $969.38 | $790.00 |
| 12 | $994.15 | $785.85 |
| 13 | $994.15 | $785.85 |
| 14 | $994.15 | $769.35 |
| 15 | $994.15 | $769.35 |
| 16 | $994.15 | $769.35 |
| 17 | $994.15 | $769.35 |
| 18 | $1,053.13 | $811.76 |
| 19 | $994.15 | $769.35 |
| 20 | $1,053.13 | $811.76 |
| 21 | $994.15 | $769.35 |
| 22 | $1,053.13 | $811.76 |
| 23 | $994.15 | $769.35 |
| 24 | $994.15 | $769.35 |
| 25 | $994.15 | $762.63 |
| 26 | $1,112.10 | $838.94 |
| **Total** | **$25,514.57** | **$20,010.03** |

| OWCP Comp Period | Payment | Roll Type |
|---|---|---|
| 12/25/05-01/21/06 | **$1,593.60** | Periodic |
| 12/25/05-01/21/06 | **$1,593.60** | Supplemental |
| | | |
| 01/22/06 - 02/18/06 | **$1,593.60** | Periodic |
| | | |
| 02/19/06 - 03/18/06 | **$1,593.60** | Periodic |
| | | |
| 03/18/06 - 04/15/06 | **$1,685.60** | Periodic |
| **Alleged Forgery of Signature** | | |
| 04/17/06 - 05/12/06 | $497.40 | Supplemental |
| | | |
| 05/15/06 - 05/26/06 | $497.40 | Supplemental |
| | | |
| 06/12/06 - 07/07/06 | $497.70 | Supplemental |
| | | |
| 07/10/06 - 08/04/06 | $497.40 | Supplemental |
| | | |
| 08/07/06 - 09/01/06 | $497.40 | Supplemental |
| | | |
| 09/04/06 - 09/29/06 | $497.40 | Supplemental |
| | | |
| 10/02/06 - 11/03/06 | $1,036.25 | Supplemental |
| | | |
| 11/06/06 - 11/17/06 | $248.70 | Supplemental |
| 11/20/06 - 12/01/06 | $248.70 | Supplemental |
| 12/04/06 - 12/29/06 | $455.95 | Supplemental |
| **Total** | **$13,034.30** | |

**2006 Total Gross Income $38,548.87**

7 of 8

| Pay Period | Gross | Net |
|---|---|---|
| 01-2007 | $1,078.75 | $814.71 |
| 02 | $1,018.34 | $771.36 |
| 03 | $1,018.34 | $771.36 |
| 04 | $1,078.75 | $814.71 |
| 05 | $1,018.34 | $787.86 |
| 06 | $1,018.34 | $787.86 |
| 07 | $1,018.34 | $789.07 |
| 08 | $1,018.34 | $787.07 |
| 09 | $1,018.34 | $789.07 |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| Total | $9,285.88 | $7,113.07 |

| OWCP Comp Period | Payment | Roll Type |
|---|---|---|
| 1/3/07 - 2/2/07 | $497.40 | Supplemental |
| | | |
| 02/05/07 - 03/02/07 | $497.40 | Supplemental |
| | | |
| 03/5/07 - 03/30-07 | $509.40 | Supplemental |
| | | |
| 04/02/07 - 04/30/07 | $482.87 | Supplemental |
| | | |
| 05/01/07 - 05/31/07 | $445.73 | Supplemental |
| | | |
| 06/01/07 - 06/29/07 | $498.79 | Supplemental |
| | | |
| 07/02/07 - 07/25/07 | $244.09 | Supplemental |
| | | |
| 08/01/07 - 08/29/07 | $212.25 | Supplemental |
| | | |
| 09/05/07 - 09/26/07 | $169.80 | Supplemental |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Total | $3,557.73 | |

## 2007 YTD Gross Income $12,843.61

**Have not received most recent payroll records**
8 of 8

EXHIBIT 4



| DEPARTMENT OF HOMELAND SECURITY | 1. CASE NUMBER |
|---|---|
| | 200604733 |
| | **PREPARED BY** |
| | UCHIDA, TRACIE K |
| **REPORT OF INVESTIGATION**<br>**CONTINUATION**<br>HB 4200-01 (37), Special Agent Handbook | **2. REPORT NUMBER** |
| | 015 |

## 10. NARRATIVE

DETAILS OF INVESTIGATION:

The U.S. Department of Housing and Urban Development (HUD), Office of Inspector General (OIG), Los Angeles, California, reported to the Office of Professional Responsibility, Laguna Niguel (OPR/Laguna Niguel) that Immigration and Customs Enforcement (ICE), Mail and File Clerk Romona CUSHENBERRY was the subject of a criminal investigation involving a HUD loan. CUSHENBERRY was allegedly not disclosing her true income.

On February 8, 2008, Senior Special Agent (SSA) Tracie Uchida, OPR/Los Angeles, learned from Program Enforcement Analyst Stacey Dawson, Housing Authority of the County of Los Angeles (HACOLA), that from 2001 to 2007 HACOLA paid $42,024 in housing benefits on behalf of CUSHENBERRY. Of the $42,024, $34,602 was paid to landlords and $7,422 was housing authority payments and administrative fees to a different housing authority on CUSHENBERRYs behalf. Ms. Dawson stated she was unable to calculate a loss from the $7,442 because a different housing authority has the documents needed to calculate the loss. Because CUSHENBERRY did not disclose her employment and workers compensation income, she received an additional $17,265 in housing benefits from the HACOLA that she was not eligible for through fraudulent means.

In 2003, CUSHENBERRY received three separate lump sum payments totaling $29,992.39 from workers compensation. According to Ms. Dawson, although the $29,992.39 was income, HACOLA could not calculate that money towards CUSHENBERRYs income because according to 24 CFR Section 53609(c), lump sum payments such as these are excluded from the annual income.

From January 2006 through April 2007, CUSHENBERRY was paying only $9 a month in rent to HACOLA. Had she disclosed her employment and workers compensation income she would have been responsible to pay an average of $922 a month in rent.

In 2007, HACOLA terminated CUSHENBERRY from their housing program because they learned she had failed to report all income from all sources.

On February 8, 2008, SSA Uchida learned from Cheryl Daniels, City of Inglewood Housing Authority (IHA), that from May 2003 through May 2004 the IHA paid $15,708 in housing benefits on behalf of CUSHENBERRY. Ms. Daniels recalculated CUSHENBERRYs housing benefits using CUSHENBERRYs undisclosed employment and workers compensation income. Because CUSHENBERRY did not disclose her true income she received an additional $8,111 in housing benefits from the IHA that she was not eligible for through fraudulent means. Ms. Daniels added

OFFICIAL USE ONLY SENSITIVE



| DEPARTMENT OF HOMELAND SECURITY | 1. CASE NUMBER |
|---|---|
| | 200604733 |
| | PREPARED BY |
| | UCHIDA, TRACIE K |
| **REPORT OF INVESTIGATION**<br>**CONTINUATION**<br>HB 4200-01 (37), Special Agent Handbook | 2. REPORT NUMBER |
| | 015 |

### 10. NARRATIVE

that CUSHENBERRY was paying $61 a month in rent, had she disclosed her true income her rent would have been $698 a month.

On February 14, 2008, SSA Uchida learned from Rhonda Martin, Housing Authority of the City of Los Angeles (HACLA), that from May 2004 through January 2006 HACLA paid $22,680 in housing benefits on behalf of CUSHENBERRY.  CUSHENBERRYs housing benefits were recalculated using CUSHENBERRYs undisclosed employment and workers compensation income.  Because CUSHENBERRY did not disclose her true income she received an additional $14,270 in housing benefits from HACLA that she was not eligible for through fraudulent means.

This investigation continues.

OFFICIAL USE ONLY SENSITIVE

EXHIBIT 5

**Housing Authority**
**County of Los Angeles**
Assisted Housing Division  12131 Telegraph Road
P. O. Box 2129 Santa Fe Springs, CA  90670

RE-EXAM / RE-ISSUE

## CERTIFICATION OF CalWORKs/GENERAL RELIEF BENEFITS

Date:October 2, 2002

SSN: ▓▓▓▓
Family Member: RAMONA

Attention Department of Public Social Services:

I presently receive or have applied for housing assistance from the Housing Authority County of Los Angeles. Federal guidelines governing housing assistance programs require verification of my income and assets in order to determine my continued or initial eligibility for this assistance.  I hereby authorize you and/or your organization to release the requested information below to the Housing Authority for this purpose.

_Ramona Stephens_                     _10-11-2002_
Applicant/Participant Signature                Date

### TO BE COMPLETED BY THE DEPARTMENT OF PUBLIC SOCIAL SERVICES

1) Number of household members included on budget: _2_     Case # _Q250B93_
                                                            File # _M742_

If applicable, please specify if unborn is included on budget.   YES ____ NO ____ _NA_
                                                      Expected Date of Delivery: _____

2) Total Monthly Budget: _$548.00_        Date Grant Began: _06/2002_
    (a) If an Overpayment is being deducted by DPSS, please explain:
    _Cash overpayment amt $260.00 for 03/2001 - 07/2001_
    (Use comments section on page two if necessary.)

    (b) Amount of grant after deduction(s):        $ _521.00_

    (c) Is other income included in total budget?      YES _____ NO _✓_

    (d) Other income or source:        _NA_

3. Please specify type of aid (CalWORKS/GR) :     _Cal Works_

4. Recipient Address on file:     ▓▓▓▓▓▓
                                  _LA, Ca 90044_

5. Is participant participating in a state or federally funded training program?   _No_
   If yes, please specify (JTPA, AmeriCorp, VISTA, JobCorp)

AH –INC-DK(12/98) Pg 1 of 2

OCT 21 2002

049

EXHIBIT 6

**Housing Authority**
**County of Los Angeles**
Assisted Housing Division 12131 Telegraph Road
P. O. Box 2129 Santa Fe Springs, CA 90670

Are you or anyone in your household expecting a baby?   If yes, whom and due date: ___No___

Have you or any household member been convicted of crimes other than minor traffic violations?
YES _____     NO __No___   (A yes answer does not mean you will not be eligible for housing.)
If Yes, please explain   _____

**YOU MUST REPORT ALL INCOME RECEIVED IN THE HOUSEHOLD BY ALL MEMBERS REGARDLESS OF SOURCE:**

| Family Member | Income Source | Monthly Amount | Savings/Chk (Yes/No) | Full Time Student (Yes/No) |
|---|---|---|---|---|
| 1. Romona Stephens | AFDC | $ 521.00 | No | NO |
| 2. Curtis Williams | General Relief | $ 221.00 | No | No |
| 3. Leon Cushenberry | None | $ 0 | No | Yes |
| 4. | | $ | | |
| 5. | | $ | | |
| 6. | | $ | | |
| 7. | | $ | | |
| 8. | | $ | | |
| 9. | | $ | | |
| 10. | | $ | | |

I DECLARE, UNDER PENALTY OF PERJURY, UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

_Romona Stephens_          10-20-2002          ████████████
Signature of Head of Household    Date              Current Phone/Message No.

AEUPDATE(3/2000)                              Pg 2 of 2

047

EXHIBIT 7



# CITY OF INGLEWOOD CALIFORNIA
ONE MANCHESTER BOULEVARD / P.O. BOX 6500 / INGLEWOOD, CALIF. 90301



## PERSONAL DECLARATION

THIS FORM MUST BE COMPLETED IN YOUR OWN HANDWRITING. YOU MUST USE THE CORRECT LEGAL NAME FOR EACH MEMBER OF YOUR HOUSEHOLD. ALL ADULT MEMBERS OF THE HOUSEHOLD MUST SIGN BELOW CERTIFYING THE INFORMATION PERTAINING TO THEM. PLEASE PRINT.

**I. HOUSEHOLD COMPOSITION:** List all persons who will be living in your home, listing head of household first.

| ADULTS (LEGAL NAME) | DATE OF BIRTH | RELATIONSHIP TO HEAD OF HOUSEHOLD | SOCIAL SECURITY NUMBER | INDICATE IF MARRIED(M) WIDOWED(W) SEPARATED(S) DIVORCED(D) |
|---|---|---|---|---|
| 1. Pomona Stephens | ▇▇▇ | Head | ▇▇▇ | NEVER Year: Single NOT MARRIED |
| 2. Leon Cushenberry | ▇▇▇ | Son | ▇▇▇ | NEVER Year: Single NOT MARRIED |
| 3. Curtis Williams | ▇▇▇ | Friend | ▇▇▇ | NOT MARRIED Year: |
| 4. NONE | | | | Year: |

| CHILDREN (NAME AS IT APPEARS ON SS CARD) | DATE OF BIRTH | RELATIONSHIP TO HEAD OF HOUSEHOLD | SCHOOL NAME | ABSENT PARENT'S NAME | ABSENT PARENT'S ADDRESS |
|---|---|---|---|---|---|
| 1. NONE | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. None | | | | | |
| 5. | | | | | |
| 6. | | | | | |

*If separated or divorced, list name and address of spouse/ex-spouse as follows:*

NAME _____

STREET ADDRESS _____

CITY, STATE, ZIP _____

NAME _____

STREET ADDRESS _____

CITY, STATE, ZIP _____

042

**II. TOTAL HOUSEHOLD INCOME** List all money earned or received by everyone living in your household. This includes money from wages, self-employment, child support, contributions, Social Security, disability payments (SSI), Workmans Compensation, retirement benefits, AFDC, Veterans benefits, rental property income, stock dividends, income from bank accounts, alimony, and all other sources.

### LIST AMOUNTS RECEIVED BELOW

| HOUSEHOLD MEMBER | EMPLOYER | TOTAL WEEKLY WAGES | AFDC | CHILD SUPPORT MONTHLY | SOCIAL SECURITY BENEFITS | UNEMPLOYMENT BENEFITS | ALL OTHER INCOME |
|---|---|---|---|---|---|---|---|
| 1. ROMONA STEPHENS | OHARA DCURETON | 240 Mo. | NONE | NONE | NONE | NONE | NONE |
| 2. Curtis Williams | NONE | 2.21 monthly | GR | NONE | NONE | NONE | NONE |
| 3. | | | | | | | |
| 4. | | | | | | | |

**III. ASSETS:** If yes to any, list below. Do you or any household member own or have an interest in any real estate, boat, and/or mobile home? _N/A_ Have you sold any real estate in the last two years? _N/A_ Do you own any stocks or bonds? _N/A_ Do you have savings accounts? _N/A_ If yes, give bank, account numbers, and amounts below. Do you own a car? _N/A_ Model / Year _N/A_ Tag Number _N/A_ Do you own a second car? _N/A_ Model / Year _N/A_ Tag Number _N/A_

1. Does anyone outside of your household pay for any of your bills or give you money? Yes/No _N/A_ If yes, explain.

2. Do you require a specific accommodation to fully utilize our programs? Yes/No _N/A_ If yes, contact _N/A_____ Telephone #: _____

3. Do you have a condition that requires a reasonable accommodation? Yes/No _N/A_ If yes, what? _N/A_

4. Have you or any other adult members ever used any name(s) or Social Security number(s) other than the one you are currently using? Yes/No _N/A_ If yes, explain.

5. Have you or any member lived in any assisted housing? Yes/No _N/A_ If yes, list where and when.

6. Have you or anyone in your household ever been convicted of any crime other than traffic violations? Yes/No _N/A_ If yes, explain.

7. Have you ever committed any fraud in a Federally assisted housing program or been requested to repay money for knowingly misrepresenting information for such housing programs? Yes / No _N/A_ If yes, explain.

I, do hereby swear and attest that all of the information above about me is true and correct. I also understand that all changes in the income of any member of the household as well as any changes in the household members must be reported to the Housing Authority in **WRITING IMMEDIATELY**.

_Romona Stephens_ 4-10-2003
SIGNATURE OF HEAD OF HOUSEHOLD        DATE            SIGNATURE OF SPOUSE                DATE

_____ 4-10-03
SIGNATURE OF OTHER ADULT       DATE            SIGNATURE OF OTHER ADULT            DATE

**WARNING:** TITLE 18, SECTION 1001 OF THE UNITED STATES CODES, STATES THAT A PERSON IS GUILTY OF A FELONY FOR KNOWINGLY AND WILLINGLY MAKING FALSE OR FRAUDULENT STATEMENTS

044

EXHIBIT 8



# HOUSING AUTHORITY OF THE CITY OF LOS ANGELES
**AN EQUAL EMPLOYMENT OPPORTUNITY-AFFIRMATIVE ACTION EMPLOYER**
2600   Wilshire   Boulevard   •   Los   Angeles,   California   90057   •   (213)   252-2500

COMMISSIONERS:
OZIE B. GONZAQUE, Chairperson

EXECUTIVE DIRECTOR
DONALD J. SMITH

## CERTIFIED STATEMENT

Knowing the penalty for making a false statement under the United States Criminal Code, I hereby certify that the following is a true statement.

My name is _ROMONA   STEPHENS_

My Social Security number is ▉▉▉▉▉▉▉▉▉

I live at ▉▉▉▉▉▉▉▉▉ _Inglewood   90305_

Write YES or NO to each of the statements as they apply to you.

|  |  |  |
|---|---|---|
| 1. | I am working at the present time. | NO |
| 2. | I have worked in the past 12 months. | NO |
| 3. | I am self-employed (including babysitting, laborer, sales). | NO |
| 4. | I attend high school, trade school or college. | NO |
| 5. | I receive welfare (AFDC, General Relief). | NO |
| 6. | I receive unemployment or disability benefits. | NO |
| 7. | I receive contributions or child support. | NO |
| 8. | I receive SSI, Social Security, and/or Private Pension | NO |
| 9. | I have a bank account. | NO |
| 10. | I receive income from assets (real estate, stocks, bonds). | NO |
| 11. | I receive income from the Veterans Administration. | NO |

Additional comments or information _____

Signature _Romona Stephens_          Date _3-26-2004_

Section 35A of the United States Criminal Code makes it a criminal offense, punishable by a maximum of 10 years imprisonment, $10,000.00 fine, or both, to make a false statement or representation to any Department or Agency of the United States as to any matter within their jurisdiction.

ANC-19 (5-99)

EXHIBIT 9

Client No:_____

**HOUSING AUTHORITY OF THE CITY OF LOS ANGELES**
**VOUCHER APPLICATION AND REEXAMINATION**
**TDD NO. FOR THE HEARING IMPAIRED: (213) 252-0103**

Regist/Voucher#:_____

| Head of Household Information | Spouse Information |
|---|---|
| Name: ROMONA STEPHENS | Name: _____ |
| Social Security No.: _____ | Social Security No.: _____ |
| Birth date: _____  Sex: M (F) | Birth date: _____  Sex: M  F |
| Driver's License/ID No.: _____ | Driver's License/ID No.: _____ |
| Telephone No.: _____ | Telephone No.: (___) _____ |
| Work Telephone No.: _____ | Work Telephone No.: (___) _____ |
| Emergency Name: _____ | Address _____  Telephone No. (___) _____ |

CURRENT ADDRESS:                    ADDRESS CORRECTION:

Address: _____

_Inglewood, CA 90305_   City: _____   Zip: _____

Family Composition: List each family member who lives with you (besides the head and spouse/co-tenant listed above):

| No. | Name of Household Member | Social Security No. | Relation to head | Sex | Birth date | Age | Birthplace |
|---|---|---|---|---|---|---|---|
| 2 | LEON Cushenberry | | SON | M | | 20 | |
| 3 | Curtis J. Williams | | FRIEND | M | | 54 | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Family member(s) who left home since last interview: _Leon Cushenberry_ _as_ _Curtis Williams_
Expected changes in family composition: _Romona Stephens_
Family member(s) temporarily away from home: _None_

**Please read the attached notice of non-discrimination and reasonable accommodations, Supplement No. 1. If the head of household or other family member requires special accommodation to reside in the family-size unit requested, complete the special unit requirement(s) questionnaire, Supplement No. 2-8, if desired.**

List ALL Income: Employment, Welfare, Social Security, SSI, Pensions, Child Support, Etc.

| No. | Source and type of income | Amount Received | Monthly/Weekly |
|---|---|---|---|
| | Child Care | $ 450 | Mo. |
| | Gen Relief | 221 | Mo. |
| | | | |
| | | | |

Assets: List ALL Checking or Savings Accounts, Stocks, Bonds, T-Bills, Real Estate, Etc.

| No. | Source and type of asset | Account Number | Balance |
|---|---|---|---|
| | None | | |
| | | | |
| | | | |

Has anyone in the home received any other income during the past 12 months?   Yes ☐   No ☒
If "Yes", enter the name of the family member and the kind of income received:

Do you have medical (elderly/disabled family only), handicapped, or child care expenses?   Yes ☐   No ☒
Bring receipts of all expenses, including pharmaceutical receipts of medical prescriptions.

Do you pay the following utilities?   Gas . . . Yes ☒   No ☐     Electricity . . . Yes ☒   No ☐     Water . . . Yes ☐   No ☒

Monthly rent? $ _400_

I/We certify that the above statements are true and complete and understand that inquiries must be made to verify them. I/We authorize the release of information to the Housing Authority by my/our employer(s), the Department of Public Social Services, the Social Security Office, and/or other entities. I/We also understand that any false statements made on this application will cause me/us to be ineligible and/or subject to loss of Housing Authority benefits.

> **WARNING: Section 1001 of Title 18 of the U.S. Code makes it a criminal offense to make willful false statements or misrepresentations to any Department or Agency of the U.S. as to matters within its jurisdictions**

| Romona Stephens | 3-26-04 | | |
|---|---|---|---|
| Signature | Date | Signature | Date |

**ALL CHANGES IN INCOME AND PERSONS WHO ARE LIVING WITH ME/US MUST BE REPORTED TO THE HOUSING AUTHORITY IMMEDIATELY.**

HAPP LOT-27R (8/99)

Client # 11959   client # 177689   231
no recent lot7   wtd
TD 4/27/04

EXHIBIT 10

Client No: 11959

**HOUSING AUTHORITY OF THE CITY OF LOS ANGELES**
**VOUCHER APPLICATION AND REEXAMINATION**
**TDD NO. FOR THE HEARING IMPAIRED: (213) 252-0103**

Regist/Voucher#:_____

| Head of Household Information | Spouse Information |
|---|---|
| Name: ROMONA STEPHENS | Name: _____ |
| Social Security No.: _____ | Social Security No.: _____ |
| Birth date: _____ Sex:☐M ☒F | Birth date: _____ Sex:☐M ☐F |
| Driver's License/ID No.: _____ | Driver's License/ID No.: _____ |
| Telephone No.: _____ | Telephone No.: ( ) |
| Work Telephone No.: ( ) NONE | Work Telephone No.: ( ) |
| Emergency Name: LINDA Stephens  Address | Telephone No.: |

CURRENT ADDRESS:

Los Angeles Ca 90019

ADDRESS CORRECTION:

Address: _____
City: _____  Zip: _____

Family Composition: List each family member who lives with you (besides the head and spouse/co-tenant listed above):

| No. | Name of Household Member | Social Security No. | Relation to head | Sex | Birth date | Age | Birthplace |
|---|---|---|---|---|---|---|---|
| 2 | LEON E CUSHENBERY | | SON | M | | 20 | |
| 3 | CURTIS LEON Williams | | BROTHER | M | | 55 | |
| | | | | | | | |
| | | | | | | | |

Family member(s) who left home since last interview: NONE
Expected changes in family composition: NONE
Family member(s) temporarily away from home: NONE

**Please read the attached notice of non-discrimination and reasonable accommodations, Supplement No. 1. If the head of household or other family member requires special accommodation to reside in the family-size unit requested, complete the special unit requirement(s) questionnaire, Supplement No. 2-8, if desired.**

List ALL Income: Employment, Welfare, Social Security, SSI, Pensions, Child Support, Etc.

| No. | Source and type of income | Amount Received | Monthly/Weekly |
|---|---|---|---|
| 1 | NONE | 0 | |
| 2 | DPSS GR | 221.00 | MONTHLY |
| 3 | GR | 221.— | nar |
| | | | |

Assets: List ALL Checking or Savings Accounts, Stocks, Bonds, T-Bills, Real Estate, Etc.

| No. | Source and type of asset | Account Number | Balance |
|---|---|---|---|
| 1 | NONE | | |
| 2 | NONE | | |
| | | | |

Has anyone in the home received any other income during the past 12 months?  Yes ☒  No ☐
If "Yes", enter the name of the family member and the kind of income received: Ramona Ottawa Cureton

☐ have medical (elderly/disabled family only), handicapped, or child care expenses?  Yes ☐  No ☒
☐ receipts of all expenses, including pharmaceutical receipts of medical prescriptions.

Do you pay the following utilities?  Gas . . . Yes ☒  No ☐     Electricity . . . Yes ☐  No ☐     Water . . . Yes ☐  No ☐
Monthly rent? $_____

I/We certify that the above statements are true and complete and understand that inquiries must be made to verify them. I/We authorize the release of information to the Housing Authority by my/our employer(s), the Department of Public Social Services, the Social Security Office, and/or other entities. I/We also understand that any false statements made on this application will cause me/us to be ineligible and/or subject to loss of Housing Authority benefits.

> **WARNING:** Section 1001 of Title 18 of the U.S. Code makes it a criminal offense to make willful false statements or misrepresentations to any Department or Agency of the U.S. as to matters within its jurisdictions

Ramona Col Stephens  2-2-05
_____  _____     _____  _____
                          Date                Signature                  Date

**ALL CHANGES IN INCOME AND PERSONS WHO ARE LIVING WITH ME/US MUST BE REPORTED TO THE HOUSING AUTHORITY IMMEDIATELY.**

HAPP LOT-27R (8/99)

EXHIBIT 11

## CERTIFIED STATEMENT

Knowing the penalty for making a false statement under the United States Criminal Code, I hereby certify that the following is a true and full statement.

My name is **ROMONA STEPHENS**

My Social Security number is ███████████████

I live at ████████████████

Write YES OR NO to each of the statements as they apply to you.

1.   I am working at the present time. **NO**

2.   I have worked in the past 12 months. **NO**

3.   I am self-employed (including babysitting, laborer, sales). **NO**

4.   I attend high school, trade school or college. **NO**

5.   I receive welfare (AFDC, General Relief). **YES**

6.   I receive unemployment or disability benefits. **NO**

7.   I receive contributions or child support. **NO**

8.   I receive SSI, Social Security and/or Private Pension. **NO**

9.   I have a bank account. **NO**

10.   I receive income from assets (real estate, stocks, bonds). **NO**

11.   I receive income from the Veterans Administration. **NO**

Additional comments or information _____

_____

Signature: *Romona Stephens*    Date: 9-26-05

Section 35A of the United States Criminal Code makes it a criminal offense, punishable by a maximum of 10 years imprisonment, $10,000.00 fine or both, to make a false statement or representation to any Department or Agency of the United States as to any matter within their jurisdiction.

RE-46

EXHIBIT 12

## HOUSING AUTHORITY OF THE CITY OF LOS ANGELES

### VERIFICATION OF DEPARTMENT OF PUBLIC SOCIAL SERVICES (DPSS) ASSISTANCE

| To: Los Angeles County Department of Social Services (DPSS) | Cal/Mgr Code: _2 A I_ |
|---|---|
| | Client No.: _11959_ |

Name: _RAMONA STEPHENS_    SSN: ▓▓▓▓

Case Name if Different: _____    Number in Assisted Household: ▓▓▓▓

Address: ▓▓▓▓▓▓▓▓▓▓ _L.A. 90019_

Please provide the information requested below. I certify that this information will only be used for official Housing Authority business to determine the client's eligibility and rent. Please return this form to the Housing Authority (address below) in the enclosed self addressed envelope or fax to _(213) 252-4242_. **Do not return the form to the client.** Thank you for your assistance.

| _Ivon Hernandez_    _Adv._ | _(213) 252-2571_ | _J Hernandez_ | _09-23-05_ |
|---|---|---|---|
| Name HACLA employee    Title | Phone | Signature | Date |

Return To: _HACLA  2600 Wilshire BL. L.A. CA 90057_

Attn: _J Hernandez, 2 A I    EAST._

**Client Certification:** I hereby authorize DPSS to release the information requested below concerning my eligibility, the amount of benefits, and the reason for benefit reduction to the Housing Authority in writing, by telephone, or by computer matching. This authorization is valid for one year from the date below.

Signature: _Ramona Stephens_    Date: _10-4-05_

### TO BE COMPLETED BY DPSS EMPLOYEE (please do not use the check digit in the case number.)

A. DPSS Case #: _B O K I I F 6 6 - 0 1_    B. Aid Type _90_

C. Date of most recent case opening: _8-12-04_    D. Effective date of present grant: _8-12-04_

E. Number of persons aided: _1_    F. Number of persons in the home: _1_

G. Maximum Allowable Grant: _221.-_    H. Actual Grant: _176.75_

I. Is the family receiving Food Stamps? (Yes) No - If "yes," what is the cash value? _132.-_

J. Any special needs? Yes (No) If "yes," what is the purpose_____ Amount: $_____

K. REDUCTIONS IN BENEFITS:

1. Is there a current reduction in benefits due to fraud? Yes ○ No ⊘ When did it start? _____
   If "yes," what is the amount of the reduction? $_____ When will it end? _____
   During what months/years did the fraud occur? _____
   During that period, what was the monthly amount the client actually received? $_____

2. Is there a current reduction in benefits because:
   • The family failed to participate in an economic self-sufficiency program? Yes ○ No ⊘
   • The family failed to comply with a work activities requirement? Yes ○ No ○
   If "yes" to either, what is the amount of the reduction? $_____ When did it start? _____
   When is the reduction (sanction) expected to end? _____

3. Is there a current reduction in benefits due to reasons other than fraud or non-compliance? Yes ○ No ⊘
   If "yes," what is the amount of the reduction? $_____ When will it end? _____
   Please state the reason for the benefit reduction: _____

Additional income of the family (Wages, SSA/SSI, Child Support, Other):

| Source | Amt | Source | Amt |
|---|---|---|---|
| _N/A_ | $ _0_ | _N/A_ | $ _0_ |
| | $ | | $ |

M. If no longer assisted, what was the termination date: _____

N. Client address if different from above: _____

DPSS Employee Signature: _____    Date: _9-29-05_

Please print name: _J. Mone_    Phone: _(323) 418-2396_

File #: _GA36_    District: _#08 Southwest-Spe_

| | DPSS |
|---|---|
| | SW▓▓ Special District |
| | 1326 W. Imperial Highway |
| | Los Angeles, California 90044 |

**Please sign, date, and return this form to the Housing Authority only. Do not take or mail this form to any ▓▓er agency, entity, or persons (including the client whose information is requested).**

(▓NING: 18 U.S.C. 1001 provides that whoever knowingly and willingly makes or uses a document or writing containing false, fictitious, or fraudulent statement or entry in any manner within the jurisdiction of any department or agency of the United States shall be fined or imprisoned for not more than five years or both.)

| HACLA USE ONLY |
|---|
| Date stamp receipt or document date, name, and title if oral verification ▓▓▓ |

029

EXHIBIT 13

Manager Code _____

# PART A: HOUSEHOLD COMPOSITION AND CHARACTERISTICS

| 1. **Legal Name of Head of Household** | 2. **Social Security Number** | 3. **Phone Number** | 4. **Driver's License Number** |
|---|---|---|---|
| Last Name: *STEPHENS* <br> First Name: *ROMONA* <br> Maiden Name: | ▓▓▓▓▓▓ | Home: ▓▓▓▓▓ <br> Work: | |

| | Number/ Street Name/ Apt. # | City/ State/ Zip |
|---|---|---|
| **5. Current Address** | ▓▓▓▓▓▓▓▓▓▓ | *Los Angeles 90019* |
| **6. Mailing Address (if different from above)** | | |

7. **Primary Language:** *ENGLISH*        8.    **Gender:** ☐M ☒F

9. **Race:** ☐ White (1)  
   ☒ Black/African American (2)  
   ☐ American Indian/Alaska Native (3)  
   ☐ Asian (4)  
   ☐ Native Hawaiian/Other Pacific Islander (5)

10. **Ethnicity:** ☐Hispanic or Latino (1)  ☒Not Hispanic or Latino (2)

11. **Veteran Status:** Are you a veteran of the United States Military?  
    ☐Yes ☒No

12. **Reasonable Accommodation:**  
    Do you or any household member need an accommodation because of a disability?  
    ☐Yes ☒No  
    If yes, please describe: _____

13. **Marital status of Head of Household:**    ☐ Married ☒Single ☐Widow(er) ☐Divorced  
    Current Spouse Name:_____

14. **Emergency Contact Information:**

| Contact Name: *LINDA STEPHENS* | Contact Name: |
|---|---|
| Address: ▓▓▓▓▓▓ *LA 90044* | Address: |
| Telephone: ▓▓▓▓▓▓ | Telephone Number: |
| Relationship: *SISTER* | Relationship: |

1 of 6

033

## PART B: HOUSEHOLD HISTORY

*Federal regulations require housing agencies to question applicants and participants concerning drug-related or violent criminal activities.*

1.  **Have you or any household member ever been convicted for violent criminal or drug-related activity?**
    ☐Yes ☒No
    If yes, provide the following information:

| Name of Person | Crime | Conviction Date | County/ State |
|----------------|-------|-----------------|---------------|
|                |       |                 |               |
|                |       |                 |               |

2.  **Have you or any household member ever been convicted of the manufacture or production of methamphetamine (speed)?**
    ☐Yes ☒No
    If yes, provide the following information:
    Name of household member: _____

3.  **Are you or any household member subject to lifetime registration as a sex offender in any state?**
    ☐Yes ☒No
    If yes, provide the following information:
    Name of household member: _____

4.  **Within the last year have you or any household member been convicted of a crime that involved abuse of alcohol –including drunk driving, driving under the influence or drunk and disorderly conduct?**
    ☐Yes ☒No
    If yes, provide the following information:

| Name of Person | Crime | Conviction Date | County/ State | Is this person currently enrolled in a treatment program? |
|----------------|-------|-----------------|---------------|----------------------------------------------------------|
|                |       |                 |               | ☐Yes ☐No |
|                |       |                 |               | ☐Yes ☐No |

5.  **Have you or any household member ever received any type of housing assistance (e.g. Section 8 or public housing)?**
    ☒Yes ☐No
    If yes, provide:
    Household member Name: Romona Stephens Public Housing Authority (PHA) Name_____
    What year(s)?_____ Who was the Head of the Household? _____

6.  **Do you currently owe any money to any Public or Assisted Housing Agency?**
    ☐Yes ☒No
    If yes, amount: $_____ PHA Name: _____

7.  **Have you or any household member ever used a name or social security number other than the one you are using now?**
    ☐Yes ☒No
    If yes, please explain: _____

## PART D: INCOME INFORMATION
**Applies to all household members, including minors**

1. **Do you or anyone in the household work full time, part-time, or seasonally – including wages, fees, tips, bonuses, or money for services?**
☐Yes ☒No

If yes, provide the following information:

| Name of Family Member | Employer Name/Address/ Telephone Number/ FAX Number | Pay Period Weekly or Monthly | Amount $ |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

2. **Do you or any household member work for someone who pays cash?**
☐Yes ☒No

If yes, provide the following information:

| Name of Person | Employer Name/Address/ Telephone Number | Pay Period Weekly or Monthly | Amount $ |
|---|---|---|---|
| | | | |

3. **Do you or any household members own or operate a business or are self-employed?**
☐Yes ☒No

If yes, provide the following information:

| Name of Person | Name and Telephone Number of Business | Type of Business | Yearly Earnings |
|---|---|---|---|
| | | | |

4. **Do you or any household member receive unemployment benefits, workers compensation, or severance pay?**
☐Yes ☒No

If yes, provide the following information

| Name of Person | Type of Benefit | Employer Name and Address | Amount $ |
|---|---|---|---|
| | | | |
| | | | |

5. **Do you or any household member receive child support from the District Attorney's office?**
☐Yes ☒No

If yes, provide the following information:

| Child's Name | Name of Absent Parent | Case Number | Monthly Amount $ |
|---|---|---|---|
| | | | |
| | | | |

035

**11. Do you or any household member receive income from a pension or annuity?**

☐Yes ☒No

If yes, provide the following information:

| Name of Person | Annuity or Pension? | Address and Telephone number of Pension/Annuity | Claim Number | Monthly Amount $ |
|---|---|---|---|---|
| | | | | |

**12.** **Do you or any household member receive regular contributions from organizations or from individuals not living in the unit?**

☐Yes ☒No

If yes, provide the following information

| Name of Person | Contributors name | Address and Telephone number of Contributor | Monthly Amount $ |
|---|---|---|---|
| | | | |
| | | | |

**13.** **Do you or any household member receive income from assets including interest on checking or savings accounts, interest and dividends from certificates of deposit, stocks or bonds, or income from rental property?**

☐Yes ☒No

If yes, provide the following information:

| Name of Person | Type of Asset | Amount of income/ interest received $ |
|---|---|---|
| | | |

**14.** **Do you or any household member receive any type of military pay/allotment (including the Coast Guard, National Guard, and Reserve Units)?**

☐Yes ☒No

If yes, provide the following information:

| Household Member Name | Branch of Service and Address | Monthly Amount $ | Does this include special pay for being exposed to hostile fire? |
|---|---|---|---|
| | | | ☐Yes ☐No<br>If yes, amount $_____ |

**15.** **Do you or any household member receive money to pay bills from someone outside of your household?**

☐Yes ☒No

If yes, provide the following information:

| Household Member Name | Name and Telephone Number of person paying bills | How often is money received? | Monthly Amount $ |
|---|---|---|---|
| | | | |

4 of 6

036

# DERLY OR DISABLED FAMILY ONLY

**Complete the following questions in this part only if the head or family or spouse is 62 years of age or older, or if the head or spouse is a person with a disability.**

1. **Do you have Medicare?** ☐Yes ☒No   If yes, what is your monthly premium? $_____

2. **Do you pay for any other kind of medical insurance?** ☐Yes ☒No

If yes, provide:
Insurance Agent's Name:

| | Policy Number: | Policy Number: |
|---|---|---|
| Insurance Agent's Name: | | |
| Name of Insurance Company: | | |
| Address: | | |
| Telephone Number: | | |
| Monthly Premium Amount: | $ | $ |

3. **Is any household member paying on outstanding medical bills?** ☐Yes ☒No

If yes, provide the following information:

| Name of Provider | Address of Provider | Telephone Number | Amount per month $ |
|---|---|---|---|
| | | | |
| | | | |

4. **Do you or any household member expect to have additional medical expenses in the next 12 months that will not be covered by insurance?** This includes prescription and non-prescription drugs, co-payme   , medical tests, eyeglasses or hearing aid expenses or other me     costs.
☐Y       No

| | medical expenses | Name of Provider and Telephone Number | Amount $ |
|---|---|---|---|
| | | | |
| | | | |

    hold member have a Medicare Approved drug discount card?

| Name o | ed P | Number |
|---|---|---|
| | | |
| | | |

5 of 6

037

## APPLICANT/PARTICIPANT RESPONSIBILITIES

I certify that the information given to the **Housing Authority of the City of Los Angeles (HACLA)** on family composition and characteristics, drug and criminal activity, income, assets, and expenses, is accurate and complete.

**WARNING: TITLE 18, SECTION 1001 OF THE UNITED STATES CODE, STATES THAT A PERSON IS GUILTY OF A FELONY FOR KNOWINGLY AND WILLINGLY MAKING FALSE OR FRAUDULENT STATEMENTS TO ANY DEPARTMENT OR AGENCY OF THE UNITED STATES.**

I understand the following:

- False statements or information are punishable under Federal Law and grounds for denial or termination of housing assistance
- I am required to report all changes in family composition, income, assets, and expenses of any family member(s) to the **HACLA** within thirty (30) days of the change.
- All changes in family composition due to birth, adoption, or court awarded custody must be reported in writing to the **HACLA** within thirty (30) days of the change.
- No one is permitted to move into my unit without prior written approval of the **HACLA** and my landlord.
- Any attempt to obtain Public Housing, any rent subsidy or rent reduction by false information, impersonation, failure to disclose or other fraud, and any act of assistance to such attempt is a crime under Title 18, Section 1001 of the United States Code.

Signature of Head of Household: _Ramona Stephens_____ Date: _10-4-05_____

Signature of Spouse/ Co-head: _____ Date: _____

---

## DO NOT WRITE IN THIS SPACE – FOR PHA ONLY:

I have reviewed this application in its entirety with the above Head of Household/Spouse and verify by my signature that this application is complete and any items that were not complete on the date this application was originally submitted have now been entered, dated, and initialed by the Head of Household/Spouse and myself.

Signature of PHA Representative_____Date: _____

6 of 6

038

<u>CERTIFICATE OF SERVICE</u>

I, **PATRICIA BALDERAS,** declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT RAMONA CUSHENBERRY; DECLARATION OF JEAN-CLAUDE ANDRÉ; EXHIBITS**

**service was:**

[X] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[ ] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[ ] By hand delivery addressed as follows:

[ ] By facsimile as follows:

[ ] By messenger as follows:  [ ] By federal express as follows:

**Eunice Habig**
**UNITED STATES PROBATION OFFICE**
**600 United States Courthouse**
**312 N. Spring St.**
**Los Angeles, CA 90012**

This Certificate is executed on **May 6, 2008,** at Los Angeles, California.  I certify under penalty of perjury that the foregoing is true and correct.

PATRICIA BALDERAS